Decided February 11, 1988

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

COMMONWEALTH TRIAL COURT

DAVID M. SABLAN,    )    CIVIL ACTION NO. 87-119
                    )
        Plaintiff,  )
                    )
   vs.              )    DECISION AND ORDER
                    )
SHAMEEM QURASHI,    )
                    )
        Defendant.  )
_____)

ALLEGATIONS

Plaintiff David M. Sablan's First Amended Complaint alleges that on March 11, 1986 plaintiff caused the Elias P. Sablan trust to loan defendant Shameem Quarashi $28,000. Defendant agreed to repay this loan on August 6, 1986 but failed to do so. On October 2, 1986 defendant executed a promissory note in favor of plaintiff for $28,000.00 payable on October 31, 1986. On October 28, 1986 defendant wrote plaintiff a letter stating that the principal due under the promissory note would not be paid on October 31, 1986. However, with this October 28, 1986 letter defendant included a check for $28,000. postdated to January 31, 1987 and bank draft for $1,300.00 covering the interest due on the promissory note up to January 31, 1987. Subsequently, when

322

plaintiff presented defendant's check for payment the bank refused to honor the check.

Plaintiff also alleges that, in a separate transaction, defendant entered into a contract with plaintiff whereby defendant would cause Exxel International Ltd., a Hong Kong corporation, to issue $22,500. worth of stock to plaintiff in consideration of plaintiff's payment to defendant of $22,500. Plaintiff and defendant thereafter rescinded this contract and defendant attempted to refund plaintiff's consideration of $22,500. by a check which the bank refused to honor.

Defendant subsequently counterclaimed against plaintiff alleging that plaintiff and defendant each own 50% of the shares in the Exxel Trading and Development Corporation, a Saipan corporation; that plaintiff has comingled the affairs of this corporation to become the alter ego of plaintiff; that plaintiff has refused to distribute defendant's share of the profits of this corporation; and that defendant has expended in excess of $24,000. to assist and promote the business activities of this corporation and plaintiff has refused to compensate defendant for these sums expended.

## NATURE OF COUNTERCLAIM

The issue now before the court is whether defendant's counterclaim is a compulsory or permissive counterclaim.

Cr.Civ.P.Rule 13(a) provides that a counterclaim is compulsory "if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim..." As

defendant correctly notes in his memorandum of points and authorities four tests have been suggested to define when a claim and counterclaim arise from the same transaction:

1. Are the issues of fact and law raised by the claim and counterclaim largely the same?

2. Would res judicata bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule?

3. Will substantially the same evidence support or refute plaintiff's claim as well as defendant's counterclaim?

4. Is there any logical relation between the claim and the counterclaim?

Plant v. Blazer Financial Services Inc. of Georgia, 598 F.2d 1357, 1360 (5th Cir. 1979).

In reviewing plaintiff's claim and defendant's counterclaim the court is of the opinion that, based on the four tests cited above, defendant's counterclaim is not compulsory. Initially, the issues of fact and law raised by the complaint and counterclaim are not largely the same; involving different corporate entities, agreements and transactions. Secondly, res judicata would not bar defendant's subsequent suit regarding the assets of Exxel Trading and Development Corporation, a corporation not even alluded to in plaintiff's complaint.

Third, evidence regarding plaintiff's claims would likely be completely distinct from evidence relating to defendant's counterclaim involving a completely separate enterprise.

Finally, there appears to be no logical relation between the complaint and the counterclaim as they involve two separate

corporations, different transactions, and two diverse courses of conduct. In sum, defendant's counterclaim is clearly a permissive counterclaim.

In view of the stipulation by the parties entered orally at the hearing February 10, 1988, whereby defendant agreed to dismiss his counterclaim without prejudice to refiling the same at a later date in the event the court determines the counterclaim to be permissive in nature,

IT IS ORDERED that defendant's counterclaim is hereby dismissed without prejudice.

IT IS FURTHER ORDERED, after consultation with Judge Hefner, that the trial in this matter is hereby continued subject to a new trial date being set by Judge Hefner hereafter.

Dated at Saipan, MP, this 11th day of February, 1988.

Jose S. Dela Cruz, Associate Judge